

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# USA v. Byrd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Byrd" (2007). *2007 Decisions.* Paper 1482.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1482

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-4335

———

UNITED STATES OF AMERICA

v.

HENRY C. BYRD,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cr-00107-1)
District Judge: Honorable William H. Walls

———

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and POLLAK,[*] District Judge

(Filed March 14, 2007)

———

OPINION

———

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

SLOVITER, <u>Circuit Judge</u>

Defendant-Appellant Henry Byrd appeals his sentence of thirty months' imprisonment on the grounds that the sentence imposed was unreasonable because the District Court treated the Sentencing Guidelines as mandatory rather than advisory. Finding no merit to Byrd's appeal, we will affirm the judgment of sentence.

I.

As we write primarily for the parties, we will only briefly state the facts. Byrd was a loan officer at First Union Bank ("First Union") in Moonachie, New Jersey. According to the Presentence Report, his position at First Union provided him access to sensitive customer information, including, inter alia, addresses, bank account numbers, account balances, social security numbers.

In April 2002, Byrd and his co-defendant, Dennis Williams, along with Eric Dock, who later pled guilty in a related case, agreed to take part in a scheme to steal the identities of First Union customers in order to gain access to the customers' bank accounts. The scheme was to proceed as follows: Byrd agreed to steal customer information and turn it over to Williams. Williams would forward the information to Dock, who would then create fraudulent identifications, such as drivers' licenses. The ultimate purpose of the scheme was to use the fraudulent identifications to withdraw over $200,000 from the accounts of First Union's customers.

In accordance with the conspiracy, Byrd stole information from approximately

2

eight First Union customers who had substantial funds in their respective accounts.  As the conspirators had agreed, Byrd forwarded the stolen account information to Williams, and Williams in turn forwarded it to Dock.  Byrd was arrested on April 25, 2002, before the conspirators had actually withdrawn any money from the customer accounts.

## II.

We have jurisdiction to review Byrd's sentence pursuant to 18 U.S.C. § 3742(a).  We review the District Court's judgment of sentence for reasonableness. See United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Cooper, 437 F.3d 324, 326-27 (3d Cir. 2006).

Byrd argues that the District Court's sentence was unreasonable because the District Court stated that the guidelines were not mandatory, but nonetheless "sentenced the defendant in strict accordance with the guidelines."  Appellant's Br. at 5.

In its remedial opinion in Booker, the Supreme Court excised 18 U.S.C. § 3553(b) from the federal sentencing guidelines.  That provision had previously made the guidelines mandatory.  Cooper, 437 F.3d at 333.  The Court "directed appellate courts to review sentences for reasonableness, stating this review applied 'across the board.'"  Id. at 326 (quoting Booker, 543 U.S. at 258-65).  As we stated in Cooper, "[a]ccording to the [Supreme] Court, our review is guided by the factors set forth in 18 U.S.C. § 3353(a), the same factors the Court directed district judges to consider when sentencing defendants under the advisory guidelines."  Id. at 327.

3

Cooper provided detailed instructions to district courts in this circuit as to how to arrive at sentencing decisions. The district court must examine the relevant factors, which are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for–
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

18 U.S.C. § 3553(a).

In so doing, the district court must give meaningful consideration to each of the enumerated factors. Cooper, 437 F.3d at 329. However, the district court is under no obligation to "discuss and make a finding as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Id. Nor is the court required to state that it has read the Booker decision or that it understands that the guidelines are no longer mandatory. Id.

As part of its § 3553(a) analysis, the district court must correctly calculate the guidelines range. Id. at 330. However, the mere fact that the ultimate sentence imposed by the district court falls within the guidelines range does not immunize the sentence from

4

review for reasonableness, nor does it conclusively demonstrate that the district court considered all of the § 3553(a) factors. Id. at 331. Otherwise, "we would come close to restoring the mandatory nature of the guidelines excised in Booker." Id. at 331 (internal citations omitted). On the other hand, a sentence that falls within the guidelines range "is more likely to be reasonable than one outside the guidelines range." Id. at 332. "There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Id.

We have reviewed the record in Byrd's case and we find no merit in his argument that the District Court improperly treated the sentencing guidelines as mandatory. The District Court properly considered the guidelines range and took into account the sentence called for by the guidelines. The Court noted that the guidelines were "not mandatory," App. at 11, and that in crafting its sentence it would use the "advice" provided by the guidelines. App. at 24.

The District Court also properly considered the nature and circumstances of the offense and the need for the sentence to provide just punishment, reflect the seriousness of the offense, promote respect for the law, protect the public from the defendant, and afford adequate deterrence to others. 18 U.S.C. § 3553(a). The Court stated that Byrd abused his authority as an employee of First Union and "willfully and knowingly"

5

committed the offense.  App. at 24.  Further, the Court believed that Byrd needed to "feel the sting" of punishment in order to deter others.  App. at 24.

The District Court also properly considered the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1).  The Court took into account Byrd's lack of prior offenses and the fact that he had an alcohol problem when he committed the offense.  The Court also acknowledged Byrd's contributions to his community, but found that such community activity was common to most white-collar crime cases.

Finally, the District Court properly considered all of the arguments raised by Byrd and his counsel.  The Court considered and rejected Byrd's request for an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) because he did not plead guilty until a week before the trial was scheduled.  The Court also considered Byrd's remorse for the harm he caused to his family.  Nevertheless, the Court sentenced Byrd to a sentence within the guidelines range.

The District Court's sentence was reasonable and we see no problem with the manner in which it conducted the sentencing process.  As such, we will not disturb the Court's sentence.  We will affirm the judgment of conviction and sentence.